[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Sheriton Moore, and his appellate counsel, John Schoenhorn, were ineffective in assisting him. At trial the petitioner withdrew his claim against CT Page 6637 his trial attorney and proceeded against his appellate counsel in that he failed to adequately brief the petitioner's search and seizure claim on appeal.
His arrest and conviction of a violation of Conn. Gen. Stat. § 21a-278(a), possession of more than one-half gram of crack cocaine with the intent to sell by a person who is not drug-dependent, and a violation of Conn. Gen. Stat. § 21a-277(a), the possession of heroin with the intent to sell, arose from charges alleged against him on September 16, 1992 while he was at 33 Irion Street in Waterbury. Sergeant Ricci who was in uniform and in a marked cruiser saw the defendant speaking to an unidentified male in front of 33 Irion Street. The unidentified male observing the cruiser coming along the street hurriedly left into an alley and when the defendant turned around and observed the cruiser, he hurried into a first floor apartment at 33 Irion Street. The sergeant who immediately exited his cruiser was close behind the defendant and saw that he had a plastic "sandwich type" baggie in his hand and as he entered the apartment threw the baggie to his right. The sergeant followed through the opened door and saw that the baggie was on the couch and apprehended the defendant in the rear of the apartment. Another police officer arrived to assist the sergeant and the baggie was seized from the couch. The baggie contained 44 pink "zip-lock" bags each containing a white, rock-like substance subsequently determined to be crack cocaine, 3 small glassine packets, each containing a white powder subsequently determined to be heroin and several empty zip-lock bags. The petitioner was arrested. At trial, the court denied his motion to suppress the seizure made after the officer's warrantless entry into the apartment under both the federal and Connecticut Constitutional claims. The Supreme Court in a 3 to 2 decision sustained the trial court's decision. The two dissenting justices agreed with the majority decision except as to their refusal to consider the issue on the "automatic standing" of casual visitors to households.
The only witness called was Attorney Schoenhorn. He testified as to his substantial criminal experience both in the trial and appellate courts. He stated that he brought the appeal on three (3) issues on the suppression motion: (1) that the officer had not reasonable suspicion of criminal activity at the time he made a show of authority on the street or following the petitioner into the apartment (State v. Oquendo, 223 Conn. 635); (2) that the petitioner had a reasonable expectation of privacy in the apartment under the Connecticut Constitution greater than that CT Page 6638 articulated in Rakas v. Illinois, 439 U.S. 128, 143; and (3) that the petitioner had an "automatic standing" under the Connecticut Constitution as a casual visitor in the apartment (Jones v.United States, 363 U.S. 257). Schoenhorn further stated that because the majority refused to consider his claim of "automatic standing" because it had not been adequately pursued in his initial brief, from hindsight he would have, if given another chance, pursued it "head on". He stated however he felt he had a better chance with the appellate courts in the incremental step of broader rights of casual visitors under the Connecticut Constitution than given by Rakas v. Illinois, supra, under the federal constitution.
The majority stated "the defendant, however, has offered no explanation why his momentary stop at the 33 Irion Street apartment gave rise to an expectation of privacy in those premises that could be recognized as reasonable even under the most expansive application of the "reasonable expectation of privacy test" and therefore concluded that he lacked standing.State v. Hill, 233 Conn. 81, 96. The dissenting justices acknowledge that as this standard is applied on the record before them the petitioner has failed to demonstrate an expectation of privacy respecting the apartment. Id., 106.
However it was reasonable for Schoenhorn to approach with an appeal strategy which would invoke a spectrum of standing under the Connecticut Constitution from the "reasonable expectation of privacy test" of Rakas to the "automatic standing" of Jones v.United States, supra. Certainly such a strategy would offer the appellate courts a broader number of people claiming privacy rights in households to consider.
"A fair assessment of attorney performance requires that every effort he made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy." Strickland v.Washington, 466 U.S. 668, 694. The petitioner has failed to overcome the presumption. CT Page 6639
Even if counsel's performance was not to fall within this reasonableness test, the petitioner has not shown prejudice. Id., 687. As the Supreme Court stated in State v. Hill, supra, 97, n. 23 the court has never had occasion to consider whether the state Constitution embraces the doctrine of automatic standing as set forth in Jones and none of the members of the court have evidenced whether the doctrine is embraced.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee